v. David Moore 518-0035 May it please the Court, Counsel. My name is Elizabeth Pratti and I represent David Moore in this matter. Mr. Moore appears before this Court on appeal from a third-stage dismissal of his post-conviction petition. He raises two issues on appeal. First is his appointed counsel's failure to comply with 651C. The second issue is that on the prior appeal before this Court, the Court issued a mandate including an order that the trial court properly determine the first date of custody and award custody credit pursuant to that determination. As the State has conceded in both appeals, that has never occurred and thus I will spend the majority of my argument on the first issue unless the Court has questions about the credit issue. I'm just wondering, the State has conceded error and this is the second time it's going back. We have the power to just change the minimus, don't we? Well, the difficulty here is that we know that the credit awarded was incorrect. What we don't know is how incorrect because he was arrested, he spent some time in the hospital and then spent some time in St. Louis police custody and those specific dates, it's unclear if he was in custody while he was in the hospital, in which case he would be entitled to credit back to June 2nd. I would presume that's the case. I don't think they would have arrested him and then left him completely unguarded. So we need a hearing on that? That would be my position, certainly because that feels differently. I'm sure that Mr. Moore would be happy to receive the full credit, but I think there is a factual issue that requires a hearing. Okay, I'll ask the State. Okay, thank you. So the primary issue for this Court's determination then is appointed counsel's compliance with Rule 651C. Importantly, the 651C certificate in this case was deficient. Counsel filed a forum motion and did not check the box to indicate that he had indeed examined the reports  But there's reference in the record that he had clearly read the record. I would argue that that is incorrect. Okay, tell me why. Sure. So the only reference counsel actually makes to the record at the hearing is to say that the record supports Mr. Moore's claims that he has various mental health impairments. He says the record shows this. Now specifically in the State's brief, they bring up two instances and it's unclear. I don't want to mischaracterize the State's argument. They reference his argument that about sentencing factors and mitigation. That's really just a reference to the statute. The second is this general reference to mitigating to Mr. Moore's mental health impairments being evidence of the record. Now documents were admitted with the pro se post-conviction petition that showed mental health impairments. They're certainly in the PSI. It may be the case that post-conviction counsel read the PSI. But the other part that's important here is, and this is something I wanted to clarify from the State's brief, the transcript on the sentencing hearing was actually offered as an exhibit by the State, not by post-conviction counsel. And the arguments by Mr. Moore all touched on the effectiveness of his guilty plea counsel pertaining to his mental health problems, whether she had properly investigated those issues, whether she had properly advised him about his available defenses, and properly advised him he did not have an offense, and appropriately handled those matters in the guilty plea and sentencing arenas. So importantly, the merits of those claims are not compliance. In particular, it is clear that counsel has properly formulated the claims based on the available records and has determined and presented those to the court in the best possible way. Now here, counsel asked questions of Mr. Moore that would seem to imply that his counsel had not brought up these issues at sentencing. Then on cross-examination of guilty plea counsel, again asked her, now, it's true that you didn't do these things, or did you do these things, essentially implying you didn't bring up his mental health issues at sentencing. In response, the State says, well, here's the exhibit of the sentencing hearing, and yes, she did. So the logical assumption from that is that counsel was unfamiliar with the sentencing proceedings and what actually had happened. But the court doesn't have to agree with me that that's 100% obvious, because when you don't fill out, when you don't provide a proper 651C compliance, the presumption that you did what you said you would do, that you complied with the rule, that disappears. Instead, there has to be an affirmative showing on the record that you took all of the steps necessary in the 651C, which includes not just reading or looking at or having in your office the record. It requires you to examine those in light of the complaints made in the petition and by discussion with your client. Now, here he, counsel, affirmatively presented testimony from his client and then cross-examined guilty plea counsel on an issue as if to present that this matter was not touched on in the sentencing hearing. It clearly was. So at minimum, that rises to the level of an ambiguity, and that must be resolved in favor of the client. Now, certainly on remand, counsel could clear that up by filing a proper 651C, explaining the issue. But at this point, we don't know. At best, we don't know. At worst, it shows that counsel didn't do his due diligence and properly complied with the rule. But the issue here is not to make that final determination, but simply to say this is not affirmatively shown in the record, it doesn't comply with the rule, and remand is required for additional proceedings. Unless the Court has additional questions. So what you're saying is that we would remand for further proceedings under the third stage evidentiary hearing? Yes. Or would we remand for the Court to consider whether the counsel complied with the rule? What are we remanding for? Compliance with the rule investigation or further proceedings under the third stage petition? I believe the appropriate response is essentially regardless of the name, it would be for compliance with 651C. So if counsel has not properly examined the record, then that would be required. And if that presents any additional issues at the third stage, then that would need to be handled. How would that happen? What if counsel says, I'm just going to check the box, is it over? You see what I'm saying? Certainly. What if counsel says, oh, I didn't know I had to do that, then what happens? Well, I think if that were the response by counsel, we should have concerns. Because it's very clear in the rule, his own form motion lists these items, and we have pretty clear claims from Mr. Moore. So I think the appropriate thing to do would be to hold a hearing that addresses counsel's compliance, where he can say, yes, this is accurate, or no, I need to conduct additional proceedings. I believe that would be appropriate. So we would reverse for a hearing on whether or not he complied. Because as you noted, this is just a form that's affidavit. And he might just say, of course I did this, but I just forgot to check the box. Certainly that could be the result, but it's inappropriate, I believe, at this stage to make an assumption that this is a form. If we remand it, he could just say that. Certainly, and I think you are correct that perhaps more involvement from the trial court would be required based on the evidence presented at the hearing stage and the fact that the certificate does not comply. So certainly a few questions of counsel to ensure that he did comply with the rule and that these are the appropriate claims based on his conversations with Mr. Moore, that he certifies at that point that, yes, I did consult with him. There were no edits necessary to the post-conviction petition, and nothing was improper here. At that point, you know, certainly whatever counsel says and the court judges to be sufficient, I think it would be appropriate to say that Mr. Moore did not consult with Mr. Moore at that point, and that would be sufficient at that point. And I will save my time for the panel. Thank you. May it please the court, counsel, Chelsea Caston on behalf of the state. Your honors, as an initial matter, the state has conceded that the trial court's finding that defendant had received credit was improperly calculated. So the state actually agrees with opposing counsel that this would need to be remanded back to the trial court for an evidentiary hearing based on the question of when exactly defendant would be considered to have been in custody based on his hospitalization, when he went to jail, et cetera, and this would need to be remanded back to the trial court just in case additional evidence or pieces of the record need to be addressed to properly determine exactly how much credit he is due for time served. So then turning to the other issue then in this case, defendant received more than reasonable assistance at the third stage evidentiary hearing when post-conviction counsel had clearly spoken with the defendant, he reviewed the record, and he made any amendments to defendant's pro se petition necessary for him to be released. Now, his representation at this level, he's entitled to a reasonable level of assistance. And the state concedes he did fail to check the box stating on his 651C certificate that he had reviewed the record. However, it is clear from reviewing the file that he was, in fact, familiar with the facts of the case and had reviewed the record. I asked defense counsel that, and she said it's not clear from the record. So tell me why it's not clear. Naturally, we disagree on that, Your Honor. Specifically, as you noted, he did say during argument that the record was complete with evidence of alcohol abuse, depression, and psychological stressors. In addition to this, Your Honor, he also presented several exhibits to the trial court at the hearing. He presented People's No. 1, which was a copy of defendant's medical records, People's Exhibit No. 2, which was Dr. Cuneo's report of the defendant's mental health status that was done before he pled guilty, and then Defendant's Exhibit No. 1, which was an ARDC response to plea counsel with letters attached that the defendant had sent to his plea counsel, Ms. Steele, regarding post-trial motions. Those was all presented in addition to when counsel gave a very clear recitation of the facts of the case, including defendant's attempt to kill himself after attacking his wife, and the defendant's plea counsel, Ms. Steele, and whether or not plea counsel was aware of the facts, including his previous suicide attempt just weeks prior to the attack on his wife. These are things that would have only been brought forward at this hearing had he reviewed the records, Your Honor. That's in addition to some of the post-conviction counsel's questions that also went to correspondence with former counsel that could not readily be answered from the records. Some of these questions went to the correspondence that plea counsel had with defendant in determining whether or not she should have filed a post-trial appeal for defendant. So this Court should not presume that because of the manner of questioning of one witness that post-counsel did not read the record. Rather, in its entirety, it's clear that counsel was prepared for the third stage hearing and went a level above what defendant was entitled to in order to provide reasonable level of assistance. He was prepared. It could have just been as easy an explanation that there was a significant delay in the hearing. Defendant's mother was not able to make it on the original hearing date, which was August 30th of 2017, and so it was postponed and resumed on September 25th, 2017. And on the second day of the hearing, post-conviction counsel presented defendant's mother and the defendant's sister in addition to having defendant testify on his own behalf at the original hearing date on August 30th. Unless the Court has any other questions. This Court routinely kicks back these 651C petitions when they're inadequately filled out. And do we have a set rule that every box has to be checked, or do we routinely examine the circumstances surrounding the 651C? Your Honor, I believe the standard is that when it's clear from the record that post-conviction counsel had in fact reviewed the record, then it doesn't have to be kicked back to the trial court to investigate the extent of post-conviction counsel's analysis and assistance with the defendant. Now, were it not for that rule, every box doesn't have to be checked. I wish our daughters wouldn't be here. But in the event that an accident happens... And I don't think we should create a rule where we differ from the reasonable assistance standard. And especially, we're now at a third stage hearing. Yes, Your Honor, and he's received his hearing, he's received his day in court, the trial court has evaluated the evidence and arguments made by counsel and just found that there was no merit to the claims. Because it is so clear in the record that counsel did do his due diligence, he did review the record, he did speak with defendant, you know, he reviewed and made changes to the pro se petition, defendant's not entitled to more. Nor does it need to be kicked back to the trial court for them to analyze whether or not counsel had done his due diligence in representing his client. Were it not clear in the record, then yes, I will concede that it needs to go back and there needs to be a hearing on whether or not counsel appropriately represented his client under the 651C standards. However, it's just not necessary in this case. Everything's been done, minus not checking the box. And unless the court has any other questions, we would ask that you affirm. Thank you. Your Honor, first and foremost, counsel did not amend the petition or file anything additional or add any exhibits to the post-conviction petition. He proceeded on the pro se petition. So what about the exhibits that he admitted, including Dr. Cuneo's report? I guess, I'm sorry, let me double check whether or not that was attached to the exhibit. My apologies. No problem. I apologize, I can't answer that question. Well, if we assume, and we can look that out, but if we assume that post-conviction counsel did submit that as alleged by the state, that's clearly a mental health report that would have gone to his issues, right? That would have addressed some of the matters. But I want to make an important distinction. Counsel has to review, examine all relevant portions of the record. And his errors in this case don't show that he did that. We don't dispute that he indicated on the record that he had talked to Mr. Moore. Certainly Mr. Moore had shared information with him. So we can't presume the references to mental health issues or even offering, you know, reading the PSI in the mental health-related records, certainly those show familiarity with some aspects of the case. What they don't show is that he complied with 651C. And to address that, there is a set rule. It is you have to comply with 651C. It's not akin to a 604 where it's a jurisdictional, we automatically kick it back, or we would resolve this by a motion. What it does say, though, is that if you don't do that, if you don't comply by certification, then the presumption disappears that you complied at all. And in this case, you're not... And what case is that that says presumption disappears that you complied at all? That's the one I'm interested in. So perhaps at all is taking it too far. But the compliance, I mean, we don't presume compliance with the rule. And compliance entails all three requirements, that you consult with the petitioner, examine the proceedings, and make any necessary amendments to the proceeding. Here, and counsel says, opposing counsel says, you know, it's clear from the record. Well, I strongly disagree. You don't pursue a line of questioning your client about an issue that's missing from the sentencing hearing. You don't cross-examine an attorney about things that they did not say at a sentencing hearing if you know from examining the record that those things happened. It doesn't make sense. Now, the court... The evidence in the record, like for the cross-examination, clearly shows the record wasn't examined. It certainly wasn't examined in full. And because we're alleging, because Mr. Moore brought up issues with his guilty plea in a sentencing hearing, you would need to look at those transcripts. So those are part of the complete record that need to be examined. You can't pick and choose which things you need to look at, particularly if you, as an attorney, think it's important enough to examine the record. You need to examine your client about and cross-examine the guilty plea counsel. Additionally... Excuse me. Sorry. In addition to that, you have some other problems. Now, this is not a reasonable assistance case. It's a 651C issue. So we're not alleging errors and prejudice. We're strictly looking at the 651C requirements. However, there are notable errors where counsel seems surprised that the main proposed witness, Mr. Moore's mother, had actually suffered several strokes prior to any of the incidents involved in this case, had memory issues, was unable to be a useful witness at the hearing, and said to the court, I, too, am surprised by this. So that's... The direct quote is in the briefing, but that's a summary. So certainly we have some things that should give us pause. And I'm going to turn it over to Mr. Moore. Based on the way the case law and the rule are written, if we have pause, if we have ambiguity, we have to kick it back. This court should kick it back to make sure that these things are complied with. I was just looking at the rule again. The way the rule is actually written, it doesn't require a certificate like 604. It says we may have a certificate. So the fact that a box is not checked is not fatal to the proceeding. No, but it changes the analysis such that we no longer presume compliance. The record must affirmatively show compliance, and here it does not. Okay. Thank you very much.